

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00091-CR

---

**TINA MARIE GUERRERO, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

---

On Appeal from the 121st District Court
Terry County, Texas
Trial Court No. 7289, Honorable John A. Didway, Presiding

---

October 17, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Tina Marie Guerrero, appeals from a judgment adjudicating her guilt, revoking her community supervision, and sentencing her to serve a 20-year prison term. Appointed counsel filed an *Anders*[1] brief and a motion to withdraw. We will grant counsel's motion, modify the judgment, and affirm the judgment as modified.

---

[1] *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

In January 2018, appellant was placed on deferred adjudication community supervision for the offense of manufacturing and delivering a controlled substance in an amount of more than four grams but less than 200 grams in a drug-free zone. The State sought to revoke, alleging multiple violations of that community supervision. The court held a hearing on the motion during which appellant pleaded "true" to multiple violations. Seven of those involved the failure to abstain from the consumption, use, or possession of a controlled substance. One concerned the failure to perform community service as ordered.

Counsel certified that she conducted a conscientious examination of the record, and, in her opinion, the record reflected no reversible error upon which an appeal could be predicated. *Anders*, 386 U.S. at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). In a letter to appellant, counsel notified her of her motion to withdraw and provided her with a copy of the motion and the *Anders* brief. She also provided appellant with a copy of the appellate record and informed her of her right to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014) (specifying counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief). By letter, this Court also advised appellant of her right to file a pro se response by October 7, 2024. To date, appellant has not filed a response.

Proof of a single violation of a condition of community supervision supports a trial court's decision to revoke supervision, *Sharp v. State*, No. 07-19-00409-CR, 2020 Tex. App. LEXIS 7124, at *4 (Tex. App.—Amarillo Sept. 2, 2020, pet. denied) (mem. op., not designated for publication), as does a plea of "true" to a violation. *Sanchez v. State*, No. 07-13-00379-CR, 2014 Tex. App. LEXIS 3211, at *2 n.5 (Tex. App.—Amarillo Mar. 24,

2014, no pet.) (mem. op., not designated for publication). As noted, appellant pleaded "true" to eight violations alleged by the State and received a sentence within the statutory range for the offense. Thus, sufficient evidence supports the adjudication of her guilt, and the ensuing sentence is lawful.

Furthermore, our own independent search of the record uncovered no arguable issues warranting reversal. However, it did reveal error within the judgment which we may correct sua sponte. The first concerns the assessment of attorney's fees. Appellant received appointed counsel, and the record does not indicate that she became financially capable of retaining her own counsel. Nor did the trial court find that she became capable of it. An indigent defendant is entitled to have an attorney appointed for representation in criminal proceedings at no cost. TEX. CODE CRIM. PROC. ANN. art. 1.051(c). Per article 26.04(p) of the same Code, we presume an indigent criminal defendant remains indigent absent evidence of a material change in her financial circumstances. *Woodard v. State*, No. 07-23-00377-CR, 2024 Tex. App. LEXIS 4642, at *9 (Tex. App.—Amarillo July 2, 2024, no pet.) (mem. op., not designated for publication). When, as here, there is no evidence that a defendant can pay court-appointed attorney's fees, the proper remedy is to reform the judgment by deleting the provision to repay court-appointed attorney's fees. *Id.* We therefore modify the judgment by deleting the order for appellant to repay court-appointed attorney's fees. We also modify the bill of costs to remove the entry related to court-appointed attorney's fees. *Id.; see also, Pruitt v. State*, 646 S.W.3d 879, 883 (Tex. App.—Amarillo 2022, no pet.) (noting an appellate court has authority on direct appeal to modify a bill of costs independent of finding an error in the trial court's judgment).

3

The next error concerns the "time payment fee" assessed in the amount of $25. Its assessment is premature and should be deleted without prejudice to subsequent assessment. Like the payment of fines, costs, and restitution, the payment of the time payment fee is suspended while an appeal pends. *Dulin v. State*, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021). Moreover, the duty to pay the fee depends on whether fines, costs, and the like go unpaid within the time period mentioned in the statute; the person has until the 31st day after the date on which the judgment is entered to avoid the obligation. *See* TEX. CODE CRIM. PROC. ANN. art. 102.030 (a)(2). Thus, the judgment and bill of costs will be modified to exclude assessment of the fee at this time.

The last mistake encompasses the notation within the judgment of appellant's pleading "not true" to the allegations within the amended motion to revoke and adjudicate guilt. As described earlier, she admitted to eight of the alleged probation violations contained in the motion. Thus, we modify the judgment to reflect that appellant pleaded true to seven instances of failing to abstain from the consumption, use, or possession of a controlled substance and one of failing to perform 120 hours of community service.

As modified, we affirm the final judgment and grant counsel's motion to withdraw.[2]

> Brian Quinn
> Chief Justice

Do not publish.

---

[2] Counsel, shall, within five days after this memorandum opinion is handed down, send appellant a copy of the opinion and judgment, along with notification of appellant's right to file a pro se petition for discretionary review. *See* TEX. R. APP. P. 48.4. This duty is an informational one only. Counsel has no duty to provide further representation to appellant.